Eugene J. McCARTHY et al.

v.

The Honorable Dolph BRISCOE, Governor, State of Texas, and the Honorable Mark White, Secretary of State of Texas.

Civ. A. No. A–76–CA–158.

United States District Court,
W. D. Texas,
Austin Division.

Judgment Sept. 2, 1976.

Opinion Sept. 3, 1976.

Don Gladden, Fort Worth, Tex., for plaintiff.

John L. Hill, Atty. Gen., David M. Kendall, Jr., Asst. Atty. Gen. of Tex., Austin, Tex., for defendants.

Before GEE, Circuit Judge, and SPEARS and WOOD, District Judges.

## OPINION OF THE COURT

### PER CURIAM:

Texas provides no means of access to its ballot for independent candidates for the offices of president, vice-president or presidential elector. Such aspirants are remitted to the organization of a new party (if they wish their names printed on the ballot) or to write-in campaigns.[1] *Storer v. Brown,* 415 U.S. 724, 746, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974), clearly precludes the state from forcing a candidate to establish a political party to attain ballot position. It also indicates that unreasonably burdensome procedures for such candidates to obtain ballot position are constitutionally invalid. Here the procedures were not even unreasonably burdensome; there *were* none. *Lubin v. Panish,* 415 U.S. 709, 719 n. 5, 94 S.Ct. 1315, 39 L.Ed.2d 702 (1974), strongly reinforces the necessary inference from *Storer* that such a remission to a mere

---

1. The Texas Election Code provisions for attaining ballot position by petitions demonstrating substantial community support was amended effective September 1, 1975 to deny their use specifically to such candidates. Tex.Rev. Civ.Stat.Ann. art. 13.50, subdiv. 1 (Supp. 1976).

write-in campaign is not an acceptable alternative to reasonable procedures for obtaining ballot position. We hold that Texas election procedures are constitutionally invalid for the failure noted, especially in view of their singling out three offices only from the mass for discriminatory treatment.

■ We regret, however, that for no sufficient reason the matter comes before us too late for us to fashion meaningful relief without substantially disrupting the entire Texas election scheme, which is already in process. The candidate's testimony is that limitations of time and resources simply did not permit him to get around to the matter sooner, and we have no reason to doubt its truth. But this circumstance was not occasioned by any fault of the state, which had early made its intransigent and discriminatory position in the matter clear. Balancing the equities, and deploring the time limitations which compel us to choose between standing by and permitting this incomprehensible policy to achieve its apparent objective or substantially burdening the entire general election at the behest of one who has at least dawdled over his rights, we conclude that injunctive interference by us at this late stage would not be warranted.

For the convenience of the parties and of the reviewing Court or Justice, we state our reasons briefly, thinking promptness more appropriate to the circumstances than exhaustiveness. Plaintiffs will take nothing by their suit, and each party will bear his own costs.